UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM SMITH,

                Plaintiff,

  v.

RODULF TRIVENO, RANDY PIERCE, CATHERINE BAUM, GARY FLETCHER, WILLIAM ROLLINS, PATRICK GLEBE, DAN VAN OGLE, KERRI McTARSNEY, DENNIS DAHNE, TAMMY NIKULA, DANO GORTON, KATHY RENINGER, and JOSEPH LOPIN,

                Defendants.

No. C11-5401 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 8. Having carefully reviewed Plaintiff's motion, Defendants' opposition (ECF No. 14), Plaintiff's reply (ECF No. 19), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he requires the appointment of counsel because he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, the issues involved in his case are complex, he has limited access to the law library and limited knowledge of the law, and that counsel will be better able to present evidence and examine witnesses at trial. ECF No. 8, pp. 1-2.

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*. The pleadings on file demonstrate that Plaintiff is familiar with the Court

ORDER - 2

rules as well as the law pertaining to his claims. Contrary to Plaintiff's belief, this is not a complex case. Plaintiff claims that he received inadequate medical treatment while imprisoned at the Stafford Creek Corrections Center (SCCC). This case does not involve complex facts or law.

The court finds no exceptional circumstances in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process. Moreover, despite claiming in conclusory fashion that his case has merit, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 8) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  7th  day of July, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3