UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM G. SMITH,<br><br>                      Plaintiff,<br>    v.<br><br>RODULF TRIVENO, RANDY PIERCE, CATHERINE BAUM, GARY FLETCHER, WILLIAM ROLLINS, PATRICK GLEBE, DAN VAN OGLE, KERRI McTARSNEY, DENNIS DAHNE, TAMMY NIKULA, DANO GORTON, KATHY RENINGER, JOSEPH LOPIN, ELDON VAIL, DAN PACHOLKE, SEAN MURPHY, STEVE HAMMOND, and DEPARTMENT OF CORRECTIONS,<br>                      Defendants. | No. C11-5401 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: January 27, 2012** |

This action is proceeding under Plaintiff's Amended Complaint filed on August 1, 2011. ECF No. 26. On August 12, 2011, the Court directed service of the amended complaint on all additionally named defendants. ECF No. 32. On October 18, 2011, the docket reflected that three Defendants, Eldon Vail, Randy Pierce, and Gary Fletcher, had not yet been served with the amended complaint. The Court had an alternative address for Defendant Eldon Vail and directed the Clerk to attempt to complete service of the amended complaint on him. ECF No. 46. Mr. Vail was served on October 19, 2011. ECF No. 48. On October 19, 2011, the Court directed Plaintiff to provide addresses for Randy Pierce and Gary Fletcher to the Court on or before November 25, 2011 so that the Court could direct service of the amended complaint on these

REPORT AND RECOMMENDATION - 1

defendants. Plaintiff was advised that if he failed to do so, the undersigned would recommend dismissal of this action as to these defendants for failure to prosecute. Plaintiff has failed to provide service addresses for these individuals or otherwise respond to the Court's Order. The undersigned recommends that this action be dismissed without prejudice as to Randy Pierce and Gary Fletcher because Plaintiff has failed to prosecute his claims against them.

## DISCUSSION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, "an incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v.Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the un-served defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). He has failed to do so by ignoring his duty to provide the court with current service addresses. A court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4").

## CONCLUSION

The Court granted Plaintiff additional time to obtain service addresses. Plaintiff has failed to provide current service addresses for Randy Pierce and Gary Fletcher and has otherwise failed to respond to the Court's Order. Therefore, the undersigned recommends this case be dismissed without prejudice as to Defendants Randy Pierce and Gary Fletcher.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 27, 2012**, as noted in the caption.

**DATED** this __3rd__ day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3